UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————x

In Re:                                                    Case No: 18-22923- shl

                                                          Chapter 13

Richard Watson

                        Debtor.

————————————————————x

### AFFIRMATION IN OPPOSITON TO MOTION FOR COMPENSTION

Dennis Jose, Esq., attorney associated with the office of Krista Preuss, the standing Chapter 13 Trustee (the "Trustee") submits the following affirmation.

1.   The Trustee's office, in furtherance of its gatekeeping functions, hereby interposes objection to the Debtor's counsel's application for compensation docketed on July 13, 2021 (the "Application").

> **I.   The Debtor is being charged a case-in-chief fee of $6,500.00 and Debtor's counsel seeks an additional $10,915.00 in additional compensation.**

2.   The above-captioned Debtor commenced this case with Linda Tirelli, Esq., as counsel (henceforth "Counsel").  As per the Application and exhibits, the Debtor was charged $6,500.00 for the case-in-chief and the Application seeks $10,915.00 as additional compensation.  See *Application*, Exhibit, 2016(b) *Disclosure*. The totality of the fee picture thus far is as follows:

| | |
|---|---|
| Fee for the Bankruptcy Case-in-Chief | = $6,500.00($4,500.00 was paid) |
| Additional Application | = $10,915.00 |
| Total | = $17,415.00 |

3.   Of the case in chief fee of $6,500.00, $4,500.00 was paid up front and as per the terms of the retainer agreement, "the remaining balance of $2,000.00 will remain in the plan." See *Application*, Exhibit: Retainer Agreement, Para 2.

> **II.    The Code requires that the Court examine the propriety of fee applications, and in this instance, it is respectfully submitted that the Court should reduce the fees.**

4.   Section 330(a)(3) of the Code requires the Court to examine the nature, extent and value of the services and make a determination of the amount of "reasonable" compensation based on factors such as (A) the time spent on such services; (B) the rate charged for such services; (C) whether the services were

1

necessary for the administration of the case; (D) whether the services were performed within a reasonable amount of time, and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases. See generally *In re Thorn*, 192 B.R. 52 (Bankr. N.D.N.Y 1995).

5.     This Court has seen a vast number of Chapter 13 cases. This Court — as courts in other jurisdictions have done — can comfortably find that fixed fees are the "prevailing or customary rate for legal services performed in Chapter 13 cases." See *In re Contreras*, 2019 Bankr. Lexis 1331, at 31 (Bankr. S.D.TX 2019). In analyzing the reasonableness of fees in the overall umbrella of 11 U.S.C. 330, Judge Alan Trust in the Eastern District of New York in *In re Datta*, (2009 Bankr. Lexis 1856, 2009 WL 1941974) has referred to a seminal decision by the Seventh Circuit for guidance. The Seventh Circuit reasons that:

> "[R]easonable value is not…always the price that a willing debtor has agreed to pay a willing attorney in the marketplace, for by enacting sections 329 and 330 of the Code, Congress placed limits on the role the market will be permitted to play in setting professional fees in bankruptcy cases. Under section 329(b), the bankruptcy judge must determine the reasonable value of the services provided by the debtor's attorney after considering the surrounding facts and circumstances, including the customary fee in comparable cases. It is clear, then, that under section 329, an attorney… is not always entitled to the fee that the debtor has agreed to pay him. If that were true, Congress would essentially have performed a meaningless act when it authorized bankruptcy courts to review the fees of debtors' counsel and to take either of the authorized actions if the fees are found to be excessive."

*In re Geraci* 138 F. 3d 314 at 320 (7th Cir 1998).

### III.     The Trustee objects to the following specific line item fees.

6.    Below are charges that the Trustee objects to. The below tabulation is pasted from the time records submitted. See *Application*, Time Records. The figure at the extreme right of each segment are the amounts being charged.

### Adjournment Efforts

| 02/05/19 | Alejandro Lopez, Paralegal | Adjournment email OC re adjournment for 2/13 | 0.30 | $200.00 | $60.00 |
|----------|---------------------------|---------------------------------------------|------|---------|--------|
| 02/06/19 | Alejandro Lopez, Paralegal | Adjournment email from OC re Adjournment request | 0.30 | $200.00 | $60.00 |

## Review of Trustee Payment

| Date | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 02/08/19 | Alejandro Lopez, Paralegal | Trustee Payments<br>Check NDC for Trustee Payments; printed copy | 0.10 | $200.00 | $20.00 |
| 07/23/19 | Alejandro Lopez, Paralegal | TT Payments<br>NDC for TT payments; printed out for 7/31 court | 0.20 | $200.00 | $40.00 |

## Interaction with stakeholders

| Date | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 03/08/21 | Linda Tirelli, Esq. Partner | Phone call withMr. Kwan Sharaf discuss he paid the bank for the house,<br>I requested a copy of his deed | 0.30 | $500.00 | $150.00 |
| 03/08/21 | Linda Tirelli, Esq. Partner | Call with OC regarding sale to Mr. Sharaf OC advised that the bk never<br>completed deed recording or tax tranfer docs ( still on her desk) so the bank couldnt have sold to Sharaf | 0.30 | $500.00 | $150.00 |
| 04/08/21 | Linda Tirelli, Esq. Partner | Emil exchange w Atty Goldstein re location of proof of recorded deed<br>and third party claiming to be new owner of the property. | 0.40 | $500.00 | $200.00 |
| 04/20/21 | Linda Tirelli, Esq. Partner | Emil exchange w Atty Goldstein received proof of recorded deed<br>review and forwarard to client | 0.30 | $500.00 | $150.00 |

## Preparations for Court Hearings which would include confirmation

| Date | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 11/03/20 | Victoria Lehning, Senior Associate | Review file and docs in prep for court's hearing | 0.20 | $350.00 | $70.00 |
| 01/13/21 | Victoria Lehning, Senior Associate | Review NDC, court docket, and file in preparation for upcoming<br>court hearing re MTD | 0.40 | $350.00 | $140.00 |

## Interactions with the Trustee's office that are part and parcel of case in chief activities

| Date | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/13/21 | Victoria Lehning, Senior Associate | Draft correspondence to TTE re: upcominng court hearing | 0.20 | $350.00 | $70.00 |

## Review of Proof of Claim, which should be part and parcel of case-in-chief activities

| Date | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 01/20/21 | Victoria Lehning, Senior Associate | Renew court notice with attached amended proof of claim of<br>NYS taxation. | 0.20 | $350.00 | $70.00 |

## Confirmation Hearing

| Date | Name | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 01/20/21 | Victoria Lehning, Senior Associate | Court hearing. | 1.00 | $350.00 | $350.00 |

Charge of $70.00 for 12 minutes for reviewing an order that was submitted by the Debtor and after charging $175.00 for half an hour in preparation and submission of the same order. See *In re Molina*, 17-12338, Docket No. 140, p 23 of 28.

| Date | Name | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 02/12/21 | Victoria Lehning, Senior Associate | Review court notice with order terminating loss mitigation | 0.20 | $350.00 | $70.00 |

## Interactions with stakeholders

| Date | Name | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 02/23/21 | Victoria Lehning, Senior Associate | Confer w/ LMT re: Homeowner's policy payment by bank is late, but bank is suppposed to own the house post 363 | 0.10 | $350.00 | $35.00 |
| 02/23/21 | Victoria Lehning, Senior Associate | T/C with client re: home insurance policy issue with Bank | 0.30 | $350.00 | $105.00 |

## Internal post-hearing interactions with multiple aspects discussed

| Date | Name | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 02/24/21 | Victoria Lehning, Senior Associate | Confer w/LMT re: last hearing & what needs to be done to get this case finished Bank is not recording the deed | 0.30 | $350.00 | $105.00 |

## Interaction with stakeholders, internal review of case, and preparations for interactions with the Debtor

| Date | Name | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 03/05/21 | Victoria Lehning, Senior Associate | Email to Judge Cymbla at NYS Division of Taxation questioning POC for taxes increase | 0.20 | $350.00 | $70.00 |
| 03/08/21 | Victoria Lehning, Senior Associate | Review and respond to email from client w/order directing future proceedings | 0.30 | $350.00 | $105.00 |
| 03/08/21 | Victoria Lehning, Senior Associate | Review hearing roles & docket in preparation for responding to client's email | 0.20 | $350.00 | $70.00 |

## Confirmation Hearing

| Date | Name | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 04/09/21 | Victoria Lehning | Court appearance re confirmation the deed is recorded | 0.30 | $350.00 | $105.00 |

Total: $2090.00

7. The Trustee submits that interactions with stakeholders, internal interactions among counsel regarding the case, routine correspondences and interactions to facilitate adjournments, reviews of the Court's docket, reviews of orders that Counsel's office themselves submitted as a charged function, review of trustee payment records, and others tabulated above are either part and parcel of the base fee

and/or unreasonable. The Trustee submit that the Court should not allow splintering for billing purposes of specific activities from the totality of representation for which the Debtor paid a flat fee — as is the norm in this district — or approve unreasonable fees. The Trustee requests that the fee application should therefore be reduced at least in the amount of $2,090.00.

WHEREFORE, the Trustee requests that the Court reduce the fees by at least $2,090.00 and provide such other and further relief as the Court deems appropriate.,

Date:   White Plains, New York          Office of Krista Preuss, Standing Chapter 13 Trustee
        September 15, 2021

                                        _/s/ *Dennis Jose*_____
                                        By:  Dennis Jose, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x          Case No: 18-22923-SHL-13
IN RE:

  Richard Graham Watson
                                                                   **CERTIFICATE OF SERVICE**
                                                                   **BY MAIL**

                              Debtor.
--------------------------------------------------------x

       This is to certify that I, Nancy Barreiro, have this day served a true, accurate and correct copy of the within Notice of Motion and Application by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

**Linda M. Tirelli**
Tirelli Law Group, LLC
50 Main Street
Suite 1265
White Plains, NY 10606


**Richard Graham Watson**
197 Sickles Avenue, Unit #F08
Nyack, NY 10960



This September 15, 2021

/s/Nancy Barreiro
Nancy Barreiro, Paralegal
Office of the Standing Chapter 13 Trustee
Krista M. Preuss, Esq.
399 Knollwood Road, Suite 102
White Plains, New York 10603
(914) 328-6333